CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 25, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| HEALTH DRIP, PLLC d/b/a SLIMDOWN RX, *et al.*, | § | Case No. 25-41012-elm11 |
| | § | (Jointly Administered) |
| Debtors. | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT, AND (II) CONFIRMING THE AMENDED AND CONSOLIDATED CHAPTER 11 PLAN FOR HEALTH DRIP, PLLC d/b/a SLIMDOWN RX AND WRX MANAGEMENT, LLC**

On August 25, 2026, the Court held a hearing to consider confirmation of the *Debtors' Amended and Consolidated Chapter 11 Plan* (as may be amended, supplemented, revised, or modified from time to time, the "Plan") [Dkt. No. 132] filed by Health Drip, PLLC d/b/a SlimdownRx ("Health Drip") and WRX Management, LLC ("WRX," and together with Health Drip, the "Debtors"). The Plan was filed on July 13, 2026. Although filed as a consolidated Plan for administrative purposes, the Plan constitutes a separate Plan for each Debtor for the resolution of outstanding Claims against, and Interests in, such Debtor.

Pursuant to the *Order (a) Granting Conditional Approval of Proposed Disclosure Statement, (B) Scheduling a Hearing for Final Approval of the Disclosure Statement and Confirmation of the Debtors' Amended and Consolidated Chapter 11 Plan, (C) Approving the Solicitation and Notice Procedures, and (D) Setting Related Deadlines* [Dkt. No. 138] (the "Solicitation Procedures Order"), which, among other things, (i) conditionally approved the Disclosure Statement, (ii) approved the solicitation procedures related to the Disclosure Statement (the "Solicitation Procedures"), and (iii) scheduled a hearing to consider confirmation of the Plan and final approval of the Disclosure Statement for August 25, 2026 at 2:30 p,m. (prevailing Central Time) (the "Combined Hearing" or "Confirmation Hearing").

As reflected in the applicable certificate of service [Dkt.No. 143], the Debtors served copies of the Plan, the Disclosure Statement, the Solicitation Procedures Order, the notice of the Confirmation Hearing, the approved transmittal letter, applicable ballots, and related materials (collectively, the "Solicitation Package") on creditors, interest holders, and other parties-in-interest as provided in the Solicitation Procedures and Bankruptcy Rule 2002(b).

The Debtors appeared at the Confirmation Hearing through their managers, Dr. Peter Brokish for Health Drip and Dr. Jose Muniz for WRX, and through counsel. Additionally, the following have been filed in support of confirmation of the Plan: (a) the *Declaration of Peter Brokish, M.D., in Support of the Confirmation of the Debtors' Amended and Consolidated Chapter 11 Plan* [Dkt. No. 158] (the "Dr. Brokish Confirmation Declaration"); and (d) the *Declaration of Jose Muniz, M.D., in Support of the Confirmation of the Debtors' Amended and Consolidated Chapter 11 Plan* [Dkt. No. 159] (the "Dr. Muniz Confirmation Declaration").

The Amended Ballot Tabulation (the "Ballot Tabulation") [Dkt. No. 156], reflects the manner in which the Classes have voted to accept or reject the Plan, and the Court has considered any Ballot Tabulation filed as part of the record.

The Confirmation Hearing commenced at the date and time scheduled. Based on the testimony, exhibits, and proffered evidence presented, judicial notice of the record in the Debtors' jointly-administered bankruptcy cases, and the arguments of counsel, the Court makes this *Findings of Fact, Conclusions of Law, and Order(I) Approving the Adequacy of the Debtors' Disclosure Statement, and (II) Confirming the Amended and Consolidated Chapter 11 Plan for Health Drip, PLLC d/b/a Slimdown Rx And WRX Management, LLC* (the "Confirmation Order").

ACCORDINGLY, IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED AND ORDERED THAT:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

All findings of fact or conclusions of law made by the Court on the record at the Confirmation Hearing are hereby incorporated in their entirety by reference into this Confirmation Order as an integral part of it. The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 as made applicable herein by Bankruptcy Rule 9014. To the extent any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Based upon the Plan, the evidence presented at the Confirmation Hearing, the arguments of counsel, and the reasons set forth on the record by the Court in ruling on confirmation, the Court hereby approves the Disclosure Statement and confirms the Plan as follows:[1]

[1] Section references below are to title 11 of the U.S. Code, which is the U.S. Bankruptcy Code.

## JURISDICTION

This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. This Court has exclusive jurisdiction over all property of each estate pursuant to 28 U.S.C. § 1334(e). The Chapter 11 Cases have been referred to this Court pursuant to 28 U.S.C. § 157(a) and an order of reference in this District. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (L), and (O). This Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and whether it should be confirmed. The Court has both statutory and constitutional authority to enter a final order confirming the Plan.

## SUMMARY

### A. Objections

No objections were filed to the approval of the Disclosure Statement or confirmation of the Plan.

### B. Acceptances of the Plan

The Health Drip general unsecured creditors (Class 1) and the WRX general unsecured creditors (Class II) each voted to accept the Plan. The Class III Equity Interests are unimpaired under the Plan and deemed to have accepted the Plan.

### C. Approval of Disclosure Statement and Confirmation of the Plan

For the reasons detailed below, the Court finds that (i) the objections, if any, are overruled and denied, (b) the Disclosure Statement contains adequate information to enable each creditor in its relevant class to make an informed judgment about the Plan and satisfies the applicable provisions of the Bankruptcy Code and is ***APPROVED***; and the Plan is hereby **CONFIRMED** as to each Debtor pursuant to section 1129 of the Bankruptcy Code. Each provision of the Plan is

hereby approved and incorporated into this Confirmation Order. The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the efficacy of that provision, it being the intent of this Court that the Plan be confirmed in its entirety. For the avoidance of doubt, the provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

**ANALYSIS OF DISCLOSURE STATEMENT**

On July 13, 2026, the Debtors filed the *Disclosure Statement in Support of Debtors' Amended and Consolidated Chapter 11 Plan* [Dkt. No. 133] (the "Disclosure Statement").

On July 16, 2026, the Court held a duly noticed hearing to consider the adequacy of the Debtor's Disclosure Statement and other documents to be included in the Solicitation Package to be sent to creditors entitled to vote on the Plan.

On July 17, 2026, the Court entered the Solicitation Procedures Order[2] conditionally approving the Disclosure Statement and the Solicitation Package.

On July 20, 2026, the Debtors served the Solicitation Package on creditors entitled to vote on the Plan.[3]

No objections were filed by any party to either the approval of the Disclosure Statement or the confirmation of the Plan.

The Court finds and concludes that the extensive and fulsome discussion and disclosures in the Disclosure Statement are more than adequate for a case of the Debtors' size and complexity

[2] *See Order (A) Granting Conditional Approval of Proposed Disclosure Statement, (B) Scheduling a Hearing for Final Approval of the Disclosure Statement and Confirmation of the Debtors' Amended and Consolidated Chapter 11 Plan, (C) Approving the Solicitation and Notice Procedures, and (D) Setting Related Deadlines* [Dkt. No. 138].

[3] *See* Dkt. No. 143 (the "Certificate of Service").

to enable hypothetical creditors of the estates to make an informed judgment and decision to vote to accept or reject the Plan.

Consequently, the Court finds and concludes that the Disclosure Statement contains adequate information to enable each creditor in its relevant class to make an informed judgment about the Plan, and the Disclosure Statement accordingly satisfies the applicable provisions of the Bankruptcy Code and is ***APPROVED***.

## ANALYSIS OF THE PLAN

### A. The Applicable Provisions of the Bankruptcy Code for Plan Confirmation

1. ***Burden of Proof.*** The Debtors have met their burden of proving and establishing the applicable elements of Chapter 11 of title 11 of the United States Code, including all elements of section 1129 of the Bankruptcy Code, by a preponderance of the evidence.

2. ***Notice.*** Due, adequate, and sufficient notice of the Plan, the Solicitation Procedures Order, the notice of the Confirmation Hearing, and all deadlines for filing objections to, and submitting ballots to accept or reject, the Plan was given to all known holders of Claims and Interests in accordance with the Solicitation Procedures. The Plan, Disclosure Statement, Solicitation Procedures Order, notice of the Confirmation Hearing, and Solicitation Package were transmitted and served in compliance with the Solicitation Procedures and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. No other or further notice is or shall be required.

3. ***Solicitation.*** Based on the record before the Court, the Debtors and their professionals acted in good faith within the meaning of sections 1125(e) and 1129(a)(3), and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures, in connection with their activities relating to solicitation of acceptances

of the Plan and participation in activities described in section 1125. The Debtors and their professionals are entitled to the protections afforded by section 1125(e).

4. ***Distribution.*** All procedures used to distribute the Plan and Solicitation Package as part of the solicitation process were fair and were conducted in accordance with the Solicitation Procedures, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and all other applicable rules, laws, and regulations.

5. ***Voting on the Plan.*** The Ballot Tabulation reflects the manner in which the Classes have voted to accept or reject the Plan. Class III is unimpaired and deemed to have accepted the Plan without voting. Classes I and II are impaired and entitled to vote. The Court accepts the Ballot Tabulation reflecting the votes on the Plan as follows:

| **Class** | **Treatment** | **Accept/Reject** |
|---|---|---|
| Class I – Health Drip General Unsecured Claims | Impaired | Accept |
| Class II – WRX General Unsecured Claims | Impaired | Accept |
| Class III – Health Drip and WRX Equity Interests | Unimpaired | Non-Voting (deemed to accept) |

6. ***Plan Settlement Approved***. The Plan Settlement described in Article VII(A) of the Plan is approved. The WRX Equity Interest Holders have agreed to contribute approximately $60,000.00 in distributions they would otherwise receive to help fund Health Drip's obligations under the Plan and to fund the costs of pursuing the Ousia Arbitration and the Malpractice Claims in exchange for the Plan Injunction and the releases provided in Article X(D) of the Plan. The Plan Settlement is in the best interests of the Debtors, their Estates, and their creditors and is fair, equitable, and reasonable.

7. ***Vesting of Assets***. On the Effective Date, except as otherwise provided by the Plan and pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property and Assets of Health Drip and its Estate shall vest in Reorganized Health Drip, and all property and Assets of WRX and its Estate shall vest in Reorganized WRX, free and clear of all Claims, Liens, encumbrances, charges, and other interests, except as provided in the Plan. All Liens, Claims, encumbrances, charges, and other interests shall be deemed fully released and discharged as of the Effective Date except as otherwise provided in the Plan.

8. ***Discharge***. Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise provided in the Plan, the Reorganized Debtors shall be entitled to a discharge of all Claims that arose or accrued on or before the Effective Date. The distributions, rights, and treatments provided in the Plan shall constitute complete satisfaction, discharge, and release of such Claims. The automatic stay pursuant to section 362 shall continue in full force and effect until the Effective Date.

9. ***Plan Injunction***. The Plan Injunction in Article X(B) of the Plan shall automatically come into effect on the Effective Date without further order of this Court. The Plan Injunction reads as follows:

> **This section is referred to as the "Plan Injunction." Except as otherwise expressly provided herein, as of the Effective Date all Holders of Claims against, or Interests in, the Debtors, the Estates or any of the Assets that arose prior to the Effective Date are hereby permanently enjoined and prohibited from the following: (a) the commencing or continuation in any manner, directly or indirectly, of any action, case, lawsuit or other proceeding of any type or nature against the Debtors, the Estates, the Reorganized Debtors, or the Reorganized Debtors' assets with respect to any such Claim or Interest arising or accruing before the Effective Date, including without limitation the entry or enforcement of any judgment, or any other act for the collection, either directly or indirectly, of any Claim or Interest against the Debtors, the Estates, the Reorganized Debtors, or the Reorganized Debtors' Assets; (b) the creation, perfection or enforcement of any Lien, security interest,**

**encumbrance, right or burden, either directly or indirectly, against the Debtors, the Estates, the Reorganized Debtors, or the Reorganized Debtors' Assets; or (c) taking any action in relation to the Debtors, the Estates, the Reorganized Debtors, or the Reorganized Debtors' Assets, either directly or indirectly, which violates or does not conform or comply with the provisions of this Plan applicable to such Claim or Interest. The Reorganized Debtors shall have full power, standing, and authority to enforce the Plan Injunction against any Person, either through an action before the Bankruptcy Court or any other tribunal having appropriate jurisdiction. The Plan Injunction shall also be incorporated into this Confirmation Order.**

10. ***Plan Injunction Findings***. The Plan Injunction is (i) within the jurisdiction of this Court, including under 28 U.S.C. § 1334 and the Court's exclusive jurisdiction over property of the Estates under 28 U.S.C. § 1334(e); (ii) an integral element of the transactions incorporated into the Plan; (iii) a provision that confers a material benefit on, and is in the best interests of, the Debtors, their Estates, and their creditors; (iv) consistent with sections 105, 524, 1123, 1129, and 1141 of the Bankruptcy Code and other applicable provisions of the Bankruptcy Code; and (v) incorporated into this Confirmation Order so that it is fully binding upon, and enforceable against, all Persons through and as part of this Order. The Reorganized Debtors shall have full standing and power to enforce the Plan Injunction.

11. ***Exculpation***. The Exculpated Parties, as defined in Article X(C) of the Plan, shall be fully exculpated and released from any and all claims and Causes of Action by any Person or Entity in connection with, arising out of, or relating to (a) the Chapter 11 Cases, including the administration of the Estates; (b) the Plan, including its proposal, negotiation, confirmation, and consummation; or (c) any act or omission relating to the administration of the Plan after the Effective Date, except for claims or Causes of Action arising out of an Exculpated Party's gross negligence or willful misconduct.

12. ***Releases by the Debtors***. The releases in Article X(D) of the Plan in favor of the Released Parties are approved and incorporated into this Confirmation Order. On the Effective Date, unless expressly preserved by the Plan, the Debtors shall fully and forever release, acquit, discharge, and dismiss any and all claims, obligations, suits, judgments, damages, rights, remedies, Causes of Action, and liabilities of any nature, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or non-contingent, assertable, directly or indirectly, existing or hereafter arising, in law, equity, or otherwise, including any Avoidance Actions, which they have or may have against any of the Released Parties; provided, however, that the foregoing release does not release any obligations of any Released Party under the Plan or any document, instrument, or agreement executed to implement the Plan.

13. ***Rule 9019 Inapplicable***. Rule 9019 shall not apply to the Reorganized Debtors from and after the Effective Date, as that term is defined in the Plan. However, if they so elect, the Reorganized Debtors may still seek approval of any settlement, compromise, or other agreement form the Bankruptcy Court.

14. ***Executory Contracts and Unexpired Leases***. Pursuant to Article VIII of the Plan, all executory contracts and unexpired leases of the Debtors not expressly rejected prior to confirmation of the Plan, or for which an application to assume is not pending at the time of confirmation, are deemed rejected by the Debtors. Any Rejection Damages Claim shall be treated as provided in Article VIII(B) of the Plan.

15. ***Binding Effect***. In accordance with section 1141 of the Bankruptcy Code, upon the Effective Date, the Plan and all of its provisions shall be binding on the Debtors, the Reorganized

Debtors, and all holders of Claims or Interests treated by the Plan, including all members of Classes I, II, and III.

16. ***Authorization to Consummate***. The Debtors and Reorganized Debtors are authorized to consummate and fully perform the Plan according to its terms. No other or further authorization shall be required from this Court other than this Confirmation Order.

17. ***Plan Compliance with Bankruptcy Code (§ 1129(a)(1))***. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1), including the following:

a) Proper Classification (Sections 1122 and 1123). In addition to unclassified Administrative Claims and Priority Tax Claims, the Plan designates three Classes of Claims and Interests. The Claims and Interests placed in each Class are substantially similar, and valid business reasons exist for separately classifying the Classes.

b) Specify Unimpaired Classes (Section 1123(a)(2)). Article V and Article VI of the Plan specify that Class III, consisting of Health Drip and WRX Equity Interests, is unimpaired, thereby satisfying section 1123(a)(2).

c) Specify Treatment of Impaired Classes (Section 1123(a)(3)). The Plan specifies the treatment of impaired Class I Health Drip General Unsecured Claims and Class II WRX General Unsecured Claims, thereby satisfying section 1123(a)(3).

d) No Discrimination (Section 1123(a)(4)). The Plan provides the same treatment for each Claim within each Class, thereby satisfying section 1123(a)(4).

e) Implementation of Plan (Section 1123(a)(5)). The Plan provides adequate means for its implementation, including the Plan Settlement, Plan funding, distributions, pursuit of the Ousia Arbitration and Malpractice Claims, and the continued existence and management of the Reorganized Debtors (collectively, the "Implementation Activities"). The Implementation Activities have been designed and proposed in good faith. The Implementation Activities are adequate and will promote the maximization of the value of the ultimate recoveries under the Plan in a fair and equitable manner in accordance with the priorities established by the Bankruptcy Code. The Implementation Activities are not intended to hinder, delay, or defraud any entity to which the Debtors are indebted on the Effective Date.

f) Non-Voting Equity Securities (Section 1123(a)(6)). The Debtors are limited liability companies, not corporations, and this provision does not apply.

g) Selection of Officers and Directors (Section 1123(a)(7)). After the Effective Date, Dr. Peter Brokish shall be the manager of Reorganized Health Drip, and Dr. Jose Muniz shall be the manager of Reorganized WRX.

h) Section 1123(a)(8). The Debtors are not individuals, and this provision does not apply.

i) Additional Plan Provisions (Section 1123(b)). The Plan's provisions are appropriate and not inconsistent with applicable provisions of the Bankruptcy Code, including provisions governing executory contracts and unexpired leases, the retention and transfer of Estate Claims and Causes of Action, and the treatment of Claims and Interests.

j) Discretionary Contents of the Plan (§ 1123(b)). The Plan contains various provisions that may be construed as discretionary and are not required for confirmation under the Bankruptcy Code. As set forth herein, such discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are not inconsistent in any way with the applicable provisions of the Bankruptcy Code. As a result thereof, the requirements of section 1123(b) of the Bankruptcy Code have been satisfied.

18. ***Compliance with Bankruptcy Code (§§ 1129(a)(1)-(2))***. Both the Plan and the Debtors, as the Plan proponents, have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures, including by transmitting the Plan, Disclosure Statement, Solicitation Package, and applicable deadlines for voting on and objecting to the Plan to creditors and parties-in-interest, thereby satisfying sections 1129(a)(1) and 1129(a)(2).

19. ***Plan Proposed in Good Faith (§ 1129(a)(3))***. The Debtors proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3).

20. ***Payments for Services (§ 1129(a)(4))***. All payments made or to be made for services or for costs and expenses in or in connection with the Chapter 11 Cases or the Plan have been approved by, or are subject to approval by, this Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

21. ***Directors, Officers, and Insiders (§ 1129(a)(5))***. Dr. Peter Brokish will continue as manager of Reorganized Health Drip, and Dr. Jose Muniz will continue as manager of Reorganized WRX in accordance with the applicable by-laws or other organizational documents

of the Debtors, and the Debtors shall execute such documents and take other such action as is necessary to effectuate the actions provided for in the Plan. The identity and affiliations of the managers are consistent with the interests of creditors and equity security holders and with public policy. Accordingly, the Plan satisfies the requirements of section 1123(a)

22. ***No Rate Changes (§ 1129(a)(6))***. No regulatory commission has jurisdiction over rates charged by the Debtors. Section 1129(a)(6) is inapplicable to these Chapter 11 Cases.

23. ***Best Interests of Creditors (§ 1129(a)(7))***. The Plan satisfies the best interests of creditors test. Each holder of a Claim or Interest in an impaired Class will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the applicable Debtor were liquidated under chapter 7 of the Bankruptcy Code. The liquidation analyses attached as Exhibit A to the Plan establish that creditors will receive at least as much under the Plan as in a chapter 7 liquidation. Distributions to Health Drip's General Unsecured Creditors will be made from Net Litigation Recoveries until their Allowed Claims are paid in full with interest at the Plan Rate, which is 3.5% per annum; WRX's estimated recovery is 100%.

24. ***Acceptance by Certain Classes (§ 1129(a)(8))***. Classes I and II have voted to accept the Plan. Class III is unimpaired and is deemed to have accepted the Plan.

25. ***Treatment of Administrative Expenses and Priority Tax Claims (§ 1129(a)(9))***. The treatment of Administrative Claims, Ordinary Course Claims, Priority Tax Claims, and statutory United States Trustee fees pursuant to Article III of the Plan satisfies the requirements of section 1129(a)(9).

26. ***Acceptance by Impaired Class (§ 1129(a)(10))***. Classes I and II are impaired and have voted to accept the Plan.

27. ***Feasibility (§ 1129(a)(11))***. The Debtors have presented evidence establishing feasibility and demonstrating that confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization. Health Drip will be funded through the Plan Settlement contribution of approximately $60,000.00 from the Equity Interest Holders, plus funds from the proposed Ousia Settlement of $200,000.00 or recoveries from the Ousia Arbitration, and recoveries on account of the Malpractice Claims. WRX has Cash on hand of approximately $130,000.00, including $134,374.93 as reflected in its most recent Monthly Operating Report, which is more than sufficient to pay its estimated Administrative Claims and General Unsecured Claims.

Further, the information contained in the Disclosure Statement, and the other evidenced presented, proffered, or adduced at the Confirmation Hearing, including the Dr. Brokish Confirmation Declaration and Dr. Muniz Confirmation Declaration, (i) are persuasive and credible, (ii) have not been controverted by any evidence, and (iii) establishes that the Plan is feasible and provides adequate and appropriate means for its implementation, including funding through the Plan Settlement, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

28. ***Payment of Fees (§ 1129(a)(12))***. All applicable fees under 28 U.S.C. § 1930 have been paid, thereby satisfying section 1129(a)(12). The Reorganized Debtors will continue to pay quarterly fees and file any required post-confirmation reports until the Chapter 11 Cases are closed, dismissed, or converted.

29. ***Continuation of Retiree Benefits (§ 1129(a)(13))***. The Debtors do not provide retiree benefits within the meaning of section 1114. The requirements of section 1129(a)(13) are therefore not applicable.

30. ***Section 1129(a)(15)***. The Debtors are limited liability companies, not individuals. Consequently, section 1129(a)(15) is not applicable to these Chapter 11 Cases.

31. ***Section 1129(a)(16)***. The Debtors are not nonprofit corporations or trusts. Therefore, section 1129(a)(16) is not applicable.

32. ***Cramdown (§ 1129(b))***. In the event any Impaired Class of Creditors failed to accept the Plan, the Plan is confirmed through cramdown pursuant to section 1129(b), as requested by the Debtors in Article XI(A) of the Plan.

33. ***Sections 1129(c) and (d)***. The principal purpose of the Plan is not to avoid taxes or the application of the Securities Act of 1933. No governmental unit has objected to confirmation of the Plan on such grounds. The Plan therefore satisfies sections 1129(c) and (d).

1. ***Section 1129(e).*** The provisions of section 1129(e) apply to the Debtors' Chapter 11 Cases, both of which were filed as "small business cases." The Plan complies with section 1129(e) because (i) the Debtors filed their original plans within 300 days of their respective Petition Dates, and (ii) the Court extended the deadline for the Debtors to confirm a plan under section 1121(e)(3) and 1129 to September 4, 2026 pursuant to the Order Granting Debtors' Motion to Extend Deadline to Confirm a Plan under Sections 1121(e)(3) and 1129(e) of the Bankruptcy Code [Dkt. No. 83].

34. ***Retention of Jurisdiction***. After the Effective Date, this Court retains exclusive jurisdiction over the matters set forth in Article XIII of the Plan, including jurisdiction pursuant to sections 105 and 1142 of the Bankruptcy Code and sections 157 and 1334 of title 28, to the full extent permitted by law. The Court also retains jurisdiction to construe and enforce this Confirmation Order, the Plan, the Plan Injunction, and the releases.

35. ***Preservation of Estate Claims***. All Estate Claims and Causes of Action set forth in

Article XII and Exhibit B of the Plan are reserved, retained, and preserved, and shall be transferred to and vested in the Reorganized Debtors as of the Effective Date, including the Ousia Arbitration, the Malpractice Claims, and all applicable Estate Defenses and Avoidance Actions.

36. ***Stay***. The stay under Bankruptcy Rule 3020(e) shall apply to this Confirmation Order. The Debtors may proceed to take the Plan effective and consummate the transactions contemplated by the Plan upon expiration of the fourteen (14)-day period under Bankruptcy Rule 3020 unless this Confirmation Order is otherwise stayed by a court of proper jurisdiction.

37. ***Effective Date***. The Effective Date shall be the later of (i) fifteen (15) days after the Confirmation Date, or (ii) the date of the filing of a Notice of Effective Date. In either instance, the Debtors or applicable Debtor shall file a Notice of Effective Date and serve it on all creditors, holders of Claims and Interests, parties-in-interest, and the United States Trustee.

38. ***Confirmation of the Plan***. The Plan is hereby ***CONFIRMED*** pursuant to section 1129 of the Bankruptcy Code. Each of the Provisions of the Plan is hereby approved and incorporated into this Order. The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the Plan be confirmed in its entirety. For avoidance of doubt, the provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

**### END OF ORDER ###**

**SUBMITTED BY:**

*/s/ Suki Rosen*
Suzanne K. Rosen
State Bar No. 00798518
Emily S. Chou
State Bar No. 24006997
Mary Taylor Stanberry
State Bar No. 24143781
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
(817) 214-4990
suki.rosen@vkhh.com
emily.chou@vkhh.com
mary.stanberry@vkhh.com

**COUNSEL FOR THE DEBTORS**
**AND DEBTORS-IN-POSSESSION**